|    |    |    |
|----|----|----|
| 1  |    |    |
| 2  |    |    |
| 3  |    |    |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL CRUZETA, an individual, | ) ) | Civil No. 12-cv-1430-L (BLM) |
| Plaintiff, | ) ) ) | **ORDER:** <br> **(1) GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [doc. # 3], and** <br> **(2) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION** |
| v. | ) ) ) | |
| SONY ELECTRONICS, INC., a Delaware Corporation, and DOES 1 through 15, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

On June 13, 2012, Plaintiff Rafael Cruzeta commenced this action against Defendant Sony Electronics, Inc., and DOES one through fifteen, seeking relief for violations of state law and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Compl. ¶¶ 23–28.) Defendant moves to dismiss Plaintiff's ERISA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief can be granted, and Defendant further requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. (doc. #3.) Plaintiff opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (doc. #10.) For the following reasons, the Court will grant Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

## I.     BACKGROUND

Plaintiff is Defendant's former employee who worked as a Senior Product Representative in San Diego, California. (Compl. ¶¶ 7, 9.) In June 2009, Defendant offered Plaintiff an early retirement benefits package. (*Id.* ¶ 12.) Despite being "actively encouraged" to accept this early retirement package, Plaintiff declined the offer because he "enjoyed his work." (*Id.*) Plaintiff alleges that Defendant thereafter began "compiling evidence" and making efforts to "force him out" of the company. (*Id.* ¶¶ 13, 16.)

In October 2010, Defendant received a complaint that Plaintiff was being "overly friendly" towards female co-workers. (*Id.* ¶ 18) Defendant had previously given Plaintiff a written warning on October 23, 2001, and also a verbal warning on December 6, 2004, for "Sexual Harassment of several female" employees. (*Id.* ¶ 25, Ex. A.) Defendant proceeded to investigate the new complaint by interviewing Plaintiff and other employees. (*Id.* ¶ 16, Ex. A.) On November 9, 2010, Defendant terminated Plaintiff for violations of its sexual harassment policy. (*Id.* ¶¶ 17, 19.)

On January 17, 2011, Plaintiff sent a letter to Defendant's President contesting the basis for his termination and requesting that he be reinstated or be "given the early retirement package offered [to] me in June of 2009." (Compl. ¶ 23, Ex. B.) Defendant responded by reasserting that Plaintiff was fired for behavioral issues and violations of its written "Freedom from Sexual & Other Forms of Harassment" policy. (*Id.* ¶ 24.) Plaintiff contends that although he was always friendly and open with his co-workers, a characteristic inherent to his native culture, he never committed any actions that justified terminating him for sexual harassment (*Id.* ¶¶ 14, 25.) Rather, Plaintiff alleges that Defendant "simply trumped up a termination at the earliest practical opportunity" to avoid making payments on early retirement benefits owed to Plaintiff. (*Id.* ¶ 26.)

Out of these allegations, Plaintiff asserts the following eight causes of action: (1) wrongful termination, (2) intentional interference with an order being requested to clarify rights to future benefits under a benefit plan covered by ERISA, (3) breach of a retirement plan, (4) breach of fiduciary duty, (5) breach of contract, (6) breach of the implied covenant of good faith and fair dealing, (7) promissory estoppel, and (8) negligence. (Compl. ¶¶29–82.) Defendant moves to

dismiss any potential ERISA claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that they do not state a claim upon which relief can be granted. (Def.'s Mot. Dismiss at 7–12.) If these claims are dismissed, Defendant also requests that this Court decline to exercise supplemental jurisdiction over any remaining state-law causes of action. (*Id.* 15–16.)

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars–Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc., 328* F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Iqbal*, 556 U.S. at 678.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 663 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory

or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). But documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir.1995) (superceded by statutes on other grounds).

## III. DISCUSSION

Defendant contends that Plaintiff does not state any plausible claim for relief based on Defendant's alleged violations of ERISA. This Court agrees. Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to Federal courts." 29 U.S.C. § 1001(b). Therefore, the purpose of ERISA is to provide a "uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

To accomplish this purpose, ERISA includes "expansive pre-emption provisions" that are designed to "ensure that employee benefit plan regulation 'would be exclusively a federal concern.'" *Id*. (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. Meaning, ERISA's preemption provisions when in conflict "defeat state-law causes of action on the merits." *Fossen v. Blue Cross and Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

To replace the causes of action that it preempts, ERISA provides a comprehensive civil enforcement mechanism that is the "exclusive remedy for rights guaranteed under ERISA." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990). This mechanism, as set forth in 29 U.S.C. § 1132(a), provides in pertinent part that:

/ / /

> "A civil action may be brought--
>
> > (1) by a participant or beneficiary–
> >
> > . . .
> >
> > > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> >
> > . . .
> >
> > (2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title;
> >
> > . . .
> >
> > (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or terms fo the plan[.]"

As seen, claims to recover plan benefits or to enforce other provisions contained within ERISA must be brought through this cause of action where federal courts "have exclusive jurisdiction[.]" 29 U.S.C. § 1132(e).

Under this framework, a complaint containing only state-law claims that are preempted by ERISA must be dismissed. *Tingey v. Pixley-Richards W., Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992). In *Tingey*, plaintiff alleged that defendant terminated him after his child was born with a congenital disorder in order to deprive him of benefits under the company's comprehensive medical plan. *Id.* at 1127–28. After removing the action to federal court, defendant moved to dismiss the entire complaint based on ERISA preemption grounds. *Id.* at 1128. Plaintiff amended his complaint, but again chose to proceed on state-law grounds and requested that the case be remanded to state court. *Id.* The district court responded by dismissing several of plaintiff's claims and remanding the remainder to state court. *Id.* at 1129. On appeal, the Ninth Circuit held that the district court should have dismissed all of plaintiff's claims because they were preempted by ERISA. *Id.* In doing so, the court reasoned that claims containing "transparent variations on the theme" that defendant caused plaintiff to be fired in order to deny benefits should be dismissed because the "sole remedy" for such a theory exists under ERISA. *Id.* at 1131.

Here, Plaintiff's complaint similarly revolves around the allegation that Defendant terminated him to avoid paying early retirement benefits. Based on this theory, Plaintiff asserts eight causes of action that are a mix of seemingly ERISA and putative state-law claims. Although Plaintiff asserts that his complaint is being brought under 29 U.S.C. § 1140, ERISA's retaliation

provision, Plaintiff's individualized claims do not include which ERISA provision has been violated. Instead, several of these claims, such as for breach of contract, are similar to state-law causes of action that have been consistently held to be subject to preemption by ERISA. *E.g.*, *Tingey*, 953 F.2d at 1130–33. Therefore, the Court will construe these claims as falling under ERISA to the extent possible to determine whether Plaintiff has stated any claims that are cognizable under ERISA and upon which relief may be granted. *See id.*; *see also Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995) (holding that the district court should have considered plaintiff's request to analyze its claims under ERISA's civil enforcement provision if their state-law causes of action were found to be preempted.)

In doing so, Plaintiff's first cause of action is labeled "wrongful termination" but does not specify whether it is based on an ERISA provision or state-law. Although ambiguous, this claim will be construed as being brought under ERISA to redress a violation of its retaliation provision. This provision will be considered because Plaintiff previously references 29 U.S.C. § 1140 and states that he was terminated in order to be deprived of a plan benefit. *See McClendon*, 498 U.S. at 143 (stating that a wrongful termination claim based upon an alleged intent to deprive plan benefits is "prototypical of the kind that Congress intended to cover under" this section).

However, even when construed as a cognizable ERISA claim, Plaintiff's first cause of action will be dismissed because it lacks plausibility. Section 510 of ERISA, 29 U.S.C. § 1140, prevents an employer from terminating an employee in order to evade paying present or future benefits owed to the employee. *E.g. Felton v. Unisource Corp.*, 940 F.2d 503, 10 (9th Cir. 1991). To proceed under this section, a plaintiff must show that: "(1) an employee participates in a statutorily protected activity, . . . (2) an adverse employment action is taken against him or her, and (3) a causal connection existed between the two." *Id.* (quoting *Kimbro v. Atl. Richfield Co.*, 889 F.2d 869, 881 (9th Cir.1989)) (internal quotation marks omitted).

Here, Plaintiff does not adequately plead the first or third elements required for a retaliatory discharge claim. As for the first element, Plaintiff seeks to show that his "statutorily protected activity" was an entitlement to early retirement benefits. Yet, Plaintiff admits that he failed to receive the benefits he is seeking in this action because he voluntarily rejected

Defendant's offer in June of 2009. (Comp. ¶ 12.) Defendant was permitted to condition the promise to "pay increased benefits in exchange for" Plaintiff's decision to retire early from the company. *Lockheed Corp. v. Spink*, 517 U.S. 882, 894 (1996). Further, Plaintiff does not allege that this offer was continuing in nature and could be accepted over an indefinite duration, or that the offer could be rejected and later accepted in the years after the offer was extended. Plaintiff also does not allege that Defendant interfered with his right to receive these benefits, rather he states that Defendant "actively encouraged" him to accept the enhanced benefits he is now seeking. (Comp. ¶ 12.)

Moreover, Plaintiff does not plausibly allege a causal connection between him declining Defendant's offer of early retirement benefits in June 2009 and Defendant's termination of his employment in November 2010, seventeen months later. Plaintiff only provides the conclusory allegation that the "inescapable conclusion" is that "Sony simply trumped up a termination at the earliest practical opportunity in violation of ERISA restrictions." (Compl. ¶ 26.) Consequently, the complaint on its face cannot satisfy the third element for a retaliatory discharge claim under ERISA either, and Plaintiff's first claim will be dismissed accordingly.

Plaintiff's second cause of action seeks an order "clarifying his rights to future benefits under the terms of the Plan and directing that Defendants be enjoined from taking any action designed to prevent Plaintiff from obtaining benefits pursuant to the Plan[.]" (Compl. ¶ 39.) This claim appears to be a mix of § 1132(a)(1)(b), which provides for an action to "clarify rights" to benefits under a plan, and § 1132(a)(3), which provides an action for equitable relief. Plaintiff continues by stating that a "true, full and complete copy of the offer and explanation for the early retirement package is attached as Exhibit D and incorporated therein by reference." (*Id.* ¶ 37.) However, this document was not included in the Complaint and therefore cannot be referenced.[1]

Further, if this claim is construed as arising under § 1132(a)(1)(b), Plaintiff would need to

---

[1] A document not attached to a complaint may be incorporated by reference when a plaintiff refers extensively to the document or when the document forms the basis of the plaintiff's claim. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). However, Plaintiff here does not extensively refer to the document, and it has not been provided by either party. Therefore, this document cannot be incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

allege that he exhausted the internal review procedures of the plan or that an exception to the exhaustion requirement applies in order to proceed in federal court. *See Diaz v. United Agr. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). Alternatively, to the extent that this cause of action is a claim for an injunctive relief under § 1132(a)(3), the claim is barred because relief under § 1132(a)(3)'s "catch-all provision" is not proper when relief is available under § 1132(a)(1). *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Circuit 2004) (quoting *Varity Corp v. Howe*, 516 U.S. 489, 515 (1996)) As a result, Plaintiff's second claim will be dismissed.

Plaintiff's third cause of action, breach of retirement plan, must suffer the same fate. This claim appears to be arise under section 1132(a)(1)(b) as well, but Plaintiff has not provided any factual allegations that plausibly support that Defendant violated any terms of the plan or that Plaintiff still has rights to the early retirement benefits that he declined to accept in June 2009. Further, this claim is subject to the exhaustion requirement as well, and it therefore will be dismissed. *See Diaz*, 50 F.3d at 1483; *see also Angevine v. Anheuser-Busch Cos. Pension Plan* 646 F.3d 1034 (8th Cir. 2011) (affirming dismissal of a claim under § 1132(a)(1)(b) to recover enhanced retirement benefits when plaintiff failed to his exhaust administrative remedies).

Plaintiffs fourth cause of action, breach of fiduciary duty, will be dismissed as well. Section 1132(a)(2) permits a plan participant or beneficiary to bring a civil action for appropriate relief when "[a]ny person who is a fiduciary with respect to a plan . . . breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" by ERISA. 29 U.S.C. §§ 1109(a), 1132(a)(2). One such duty imposed on fiduciaries is the requirement to "not make misrepresentations to plan participants." *In re Computer Scis. Corp. Erisa Litig.*, 635 F. Supp. 2d 1128, 1139 (C.D. Cal. 2009). To assert a claim for the breach of fiduciary duty for making misrepresentations, a plaintiff must allege: "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation." *Id.* (quoting *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 73 (3d Cir. 2001)).

Here, Plaintiff alleges that Defendant breached its fiduciary duty by misrepresenting to

Plaintiff that "the terms of the plan were valid and enforceable obligations of the Company and that the Plaintiff was entitled to the benefits described therein." (Compl. ¶ 48.) However, for this statement to be a misrepresentation, Plaintiff would need to satisfactorily allege that such a representation by Defendant was false. Because Plaintiff's underlying theory for why he is entitled to the early retirement benefits package lacks plausibility, Plaintiff cannot sufficiently allege that Defendant did not adhere to a term of the benefit plan or violated an obligation to provide Plaintiff with benefits he was entitled to. Alternatively, if this claim is construed as being asserted under § 1132(a)(3), this claim would be barred as well because, as mentioned, this catch-all provision is only available if Plaintiff could not obtain relief under the section's other provisions. *See Johnson*, 356 F.3d at 1077.

Plaintiff's fifth and sixth causes of action, breach of contract and breach of the implied covenant of good faith and fair dealing, must be also dismissed. These putative state-law claims may only survive preemption to the extent that they rely "on a theory independent of the benefit plan." *Tingey,* 953 F.2d at 131. However, these claims do not rely on an independent theory because Plaintiff's sole assertion is that he was terminated to be deprived of early retirement benefits. Because these claims therefore "spring from the handling and disposition" of Plaintiff's benefit plan, these claims are entirely preempted by ERISA and dismissal is warranted. *See id.* (holding that similar state-law claims were subject to preemption by ERISA and should be dismissed).

Plaintiff's seventh cause of action, labeled promissory estoppel, must similarly be dismissed. Although ERISA preempts state promissory and equitable estoppel claims, a party "may assert a federal equitable estoppel claim in an ERISA action." *Qualls By & Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 845 (9th Cir. 1992) (citing *Greany v. Western Farm Bureau*, 973 F.2d 812, 821–22 (9th Cir. 1992)). However, a claim for equitable estoppel under ERISA is "limited to situations where the wronged party can prove (a) the provisions of the plan at issue are ambiguous, and (b) oral representations interpreting the plan were made to the employee." *Id.* At 856–46 (citing *Greany*, 973 F.2d at 821–22). Assuming that Plaintiff intended to assert a federal estoppel claim, Plaintiff has not alleged either of these two situations, and

therefore this claim will be dismissed.

All of Plaintiff's federal ERISA claims will be dismissed. Consequently, this Court may refrain from exercising supplemental jurisdiction over Plaintiff's remaining state-law cause of action under 28 U.S.C. § 1367(c)(3). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim. This claim will be dismissed as well.

Finally, the Court grants Plaintiff leave to amend his complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). As this would be Plaintiff's first amendment, and because Plaintiff could supplement his complaint with more information about the early retirement benefits offer he received or other additional allegations about how Defendant interfered with Plaintiff's rights under the benefit plan, this Court will grant him leave to amend.

### III.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. If Plaintiff intends to file a First Amended Complaint in conformity with this Order and Rule 11 of the Federal Rules of Civil Procedure, then he must do so on or before May 9, 2013.

**IT IS SO ORDERED.**

DATED: April 25, 2013

                                            M. James Lorenz
                                            United States District Court Judge

COPY TO:

HON. BARBARA L, MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL